IN THE UNITED STATES DISTRICT COURT,

FOR THE CENTRAL DISTRICT OF CALIFORNIA.

FERNANDO MORALES,                          Case No.

            Petitioner.                    CR-10-351-ODW-19

vs.

UNITED STATES OF AMERICA,

            Respondent.

MOTION TO VACATE

JURISDICTION

This Court's jurisdiction is invoked under Title 28 U.S.C. § 2255(f)(3).

NATURE OF CAUSE

A. In Johnson v. United States, 576 U.S. -- (2015), the Supreme Court employed principles of due process and notice to prohibit increased punishment under application of the residual clause of Title 28 U.S.C. § 924(e)(2)(B)(ii).

B. As recognized by the Supreme Court, the principles enunciated in Johnson apply to and invalidate the residual clause of U.S.S.G. § 4B1.2(a)(2). Wynn v. United States, U.S. No. 14-9634 (June 30, 2015); accord Smith v. United States, U.S. No. 14-7587 (June 30, 2015); Jones v. United States, U.S. No. 14-9574 (June 30, 2015); Talmore v. United States, U.S. No. 14-8680 (June 30, 2015); Maldanado v. United States, U.S. No. 14-7445 (June 30, 2015); Denson v. United States, U.S. No. 14-7832 (June 30, 2015); Beckles v. United States, U.S. No. 14-7390 (June 30, 2015).

C. Because Johnson resolved the "reach" of these penal provisions, and prohibits a "certain category of punishment for a class of defendants because of their status or offense,

Johnson is retroactive. See e.g., Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994); Striet v. United States, No. 15-72506 (9th Cir. 2015).

D. Morales belongs to the class of defendants affected by Johnson.

In particular, under Johnson, Morales's career offender classification, and 169 month sentence, are infirm.

E. Based on this defect, Morales seeks vacatur of his sentence. Compare e.g., United States v. Valdez, 195 F.3d 544 (9th Cir. 1999); Reina-Rodriguez v. United States, 655 F.3d 1182, 1189 (9th Cir. 2011).

I. Procedural history.

A. Morales stands convicted of violating Title 18 U.S.C. § 1962(d).

B. Under application of the residual clause in U.S.S.G. § 4B1.2(a)(2), Morales was classified a career offender and sentenced to 169 months imprisonment. See U.S.S.G. §§ 4B1.1(a), 4B1.2(a)(2), 2010 Ed.

C. Forming the basis for Morales's § 4B1.1(a) classification was a finding by this Court that his "instant" offense under § 1962(d) qualified as a "crimes of violence."

D. Absent application of § 4B1.1(a), Morales would have originally been subjected to a guidelines range of 130-162 months imprisonment.

E. Absent application of § 4B1.1(a) today, Morales faces a guidelines range of 100-125 months imprisonment.

II. The residual clauses of Title 18 U.S.C. § 924(e)(2)(B)(ii) and U.S.S.G. § 4B1.2(a)(2) are held retroactively "void-for-vagueness."

A. In Johnson, supra, the Supreme Court abrogated all prior precedent interpreting the residual clause of Title 18 U.S.C. § 924(e)(2)(B)(ii) and held it "void-for-vagueness." See id.

B. As recognized by the Supreme Court, Johnson applies to and invalidates the residual clause of U.S.S.G. § 4B1.2(a)(2). See e.g., Wynn, supra.

C. As recognized by this Circuit, Johnson is categorically retroactive. See Striet, supra.

III. The legality of Morales's detention under Johnson.

This argument is straightforward. With the residual clause of § 4B1.2(a)(2) retroactively eliminated, Morales's instant offense under § 1962(d) does not qualify as a crime of violence; rendering him categorically ineligible for § 4B1.1(a) treatment. See U.S.S.G. § 4B1.1(a) ("A defendant is a career offender if ... (2) the instant offense of conviction is a felony that is ... a crime of violence").

In particular, § 4B1.2(a)(1) qualifying as a "crime of violence" any crime having as "an element the use, attempted use, or threatened use of physical force against the person of another;" and § 4B1.2(a)(2) qualifying as a "crime of violence" any other crimes which "otherwise involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. §§ 4B1.2(a)(1), 4B1.2(a)(2), 2005 Ed. Section 1962(d), which is indivisible and criminalizes merely agreeing to participate in the affairs of an enterprise that would affect commerce through a pattern of racketeering activity, qualifying only under application of the latter. See

e.g., United States v. Juvenile Male, 118 F.3d 1344, 1350 (9th Cir. 1997)(holding § 1962(d) predicated on violations of Title 18 U.S.C. § 1951(a) to qualify as a "crime of violence" under application of the residual clause of § 4B1.2(a)(2)); United States v. Fernandez, 388 F.3d 1199, 1229 (9th Cir. 2004)(recognizing Salinas v. United States, 552 U.S. 52 (1997), to abrogate Neibel v. Trans World Assur. Co., 108 F.3d 1123 (1997), and holding that, to violate § 1962(d), defendants need not commit - or even agree to commit - the predicate acts required for substantive violations of § 1962(c)).

The prejudice is clear.

Absent application of § 4B1.1(a), Morales would have received a guidelines range of 130-162 months, not the 151-188 month range received. See U.S.S.G. §§§ 2E1.1(a)(2); 2D1.1(c)(5); 3E1.1(a) & (b), 2010 Ed.

Absent application of § 4B1.1(a) today, Morales faces a guidelines range of 100-125 months imprisonment. See U.S.S.G. §§§ 2E1.1(a)(2); 2D1.1(c)(5); 3E1.1(a) & (b), 2016 Ed.

IV. No waiver occurred.

The plea agreement entered into by the United States provides that Morales "gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction." See Appendix A.

Because this petition involves a challenge to the legality of Morales's sentence based on a "retroactive change in the applicable sentencing guidelines" and "sentencing statute[]," concepts of waiver and forfeiture do not apply.

## CONCLUSION

Johnson reveals that Morales's classification and sentence under § 4B1.1(a) are infirm.

## RELIEF SOUGHT

Morales seeks vacatur of his sentence.

In substantial interests of justice, it is so requested.

Respectfully,

Mr. Fernando Morales